# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                                  Case No. 02-20019-JWL

**Thomas D. Green,**

    **Defendant.**

## MEMORANDUM & ORDER

In May 2002, defendant Thomas D. Green entered a plea of guilty to one count of conspiracy to commit insurance and mail fraud in violation of 18 U.S.C. § 371. He was sentenced to 21 months imprisonment, followed by three years of supervised release, and ordered to pay restitution of $182,732.54. The record reflects that a balance of $72,454.62 remains due on the restitution order. Recently, the government applied for and the court issued a writ of garnishment to enforce the restitution order. This matter is presently before the court on Mr. Green's motion to transfer (doc. 106) the garnishment proceedings to the United States District Court for the Middle District of Florida, where he resides. As will be explained, the motion is granted.

*Procedural History*

In March 2019, the government filed an Application for Writ of Continuing Garnishment against the property of Mr. Green held by his employer, garnishee Rearden Steel Manufacturing, LLC. The Clerk of the Court issued a Writ of Continuing Garnishment on March 28, 2019 and garnishee Reardon Steel Manufacturing, LLC filed its answer on April 15, 2019. That answer

was served on Mr. Green. In addition, the government mailed to Mr. Green a copy of the Writ of Continuing Garnishment and all other required notices. On April 16, 2019, Mr. Green filed his motion to transfer this matter to the United States District court for the Middle District of Florida, where he currently resides and where he completed his post-release supervision.

*Discussion*

The Mandatory Victim Restitution Act (MVRA) provides that when sentencing a criminal defendant, "the court shall order . . . that the defendant make restitution to the victim of the offense. . . ." 18 U.S.C. § 3663A(a)(1). The MVRA also provides that the government may enforce restitution orders "in the same manner it recovers fines and by all other available means." *United States v. Phillips*, 303 F.3d 548, 551 (5th Cir. 2002). Thus, to obtain satisfaction of a restitution judgment, the government, as it has done here, must use the procedures outlined in the Federal Debt Collection Procedures Act (FDCPA). *See* 28 U.S.C. § 3001(a)(1) & 3002(3) (debt includes restitution order). The FDCPA authorizes the government to seek and a court to issue a "writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). The FDCPA provides that a writ may be enforced by the court issuing the writ, regardless of where the debtor resides. *Id*. § 3004(b)(B). However, "[i]f the debtor so requests, within 20 days after receiving the notice . . . , the action or proceeding in which the writ was issued shall be transferred to the district court for the district in which the debtor resides." 28 U.S.C. § 3004(b)(2).

Mr. Green requests that the court transfer this matter to the district where he currently resides, the Middle District of Florida. It is undisputed that Mr. Green's request to transfer these proceedings was timely filed. Nonetheless, the government contends, without directing the court to any case law, that the request must be denied because there is no "action" or "proceeding" to transfer. The government asserts that Mr. Green did not request a hearing seeking to quash the Writ, *see* 28 U.S.C. § 3202(d), and he did not file an objection to the answer of the garnishee. *See id*. § 3205(c)(5). The time for requesting a hearing and filing objections has passed. *See id*. §§ 3202(d) & 3205(c)(5). Thus, according to the government, there is no controversy regarding the garnishment and nothing to "transfer" to the Middle District of Florida. The government, then, urges that all that remains in this matter is the processing of paperwork by the government and the Clerk of the Court such that Mr. Green's request to transfer is "moot."

Courts are split on whether a requested transfer under the FDCPA is mandatory or discretionary where the government shows good cause to deny the request. There is no controlling authority on point. In *United States v. Nash*, 175 F.3d 440, 442 (6th Cir. 1999), for example, the Sixth Circuit held that the "plain language" of § 3004(b)(2) is mandatory and that the district court must grant a transfer so long as the request for transfer was timely filed. As explained by the *Nash* court:

> There are compelling reasons why the law gives a defendant such as Nash the right to transfer venue to the jurisdiction in which he or she resides. In the interest of justice, courts want to provide criminal defendants with the opportunity for a hearing and do not want to impose an inconvenience or undue financial hardship on them by requiring that they to [*sic*] travel far distances to attend these hearings.

*Id*. at 443 (citations omitted). The *Nash* court, however, ultimately found that the court's denial of the motion to transfer was harmless because the "compelling reasons" for granting a transfer

3

did not exist in the particular case. *See id.*; *see also United States v. Peters*, 783 F.3d 1361 (11th Cir. 2015) (§ 3004(b)(2) "creates an obligation not subject to judicial discretion" and district court was required to transfer where the defendant had requested a hearing); *United States v. Grewell*, 1997 WL 599302, at *2 (E.D. la. 1997) (construing § 3004(b)(2) as an "automatic transfer provision").

But the "great bulk of authority" takes a different approach—finding that the statutory language of § 3004(b)(2) permits the district court to deny a transfer request if the government shows "good cause" for the denial. *See United States v. Sethi*, 2014 WL 4651649 (D. Colo. 2014). Those courts that have found that the FDCPA allows a court to deny a transfer for good cause have focused first on § 3003(b)(2) of the FDCPA, which states that the FDCPA "shall not be construed to curtail or limit the right of the United States under any other Federal law" to collection restitution arising in a criminal case. *See United States v. Place*, 2018 WL 3354971, at *3-4 (W.D. La. 2018); *United States v. Cooke*, 2017 WL 4172630, at *4-5 (W.D. La. 2017); *United States v. French*, 2015 WL 5167641, at *1 (W.D. Ky. 2015); *United States v. Gipson*, 714 F. Supp. 2d 571, 573 (E.D. Va. 2010). As the court in *Gipson* explained, the plain language of § 3003(b)(2) makes clear that the FDCPA's transfer provision "must give way to another federal law" if the requested transfer "would curtail or limit" the government's efforts to collect criminal restitution arising under that other law. *Gipson*, 714 F. Supp. 2d at 573.

These courts have also focused on § 3013 of the FDCPA, which grants district courts plenary authority to "make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure" under the statute. 28 U.S.C. § 3013. Coupled with these statutory provisions, courts have looked to the policy underlying the MVRA and have

concluded that, notwithstanding the "shall be granted" language of § 3004(b)(2), the FDCPA vests courts with discretion to deny transfer where "retaining jurisdiction would best effectuate the objectives of the MVRA." *Id.* at 576. As explained by *Gipson*:

> Specifically, the FDCPA's grant of plenary authority to district courts to "deny[ ], limit[ ], condition[ ], regulat[e], extend[ ], or modify[ ] the use of any enforcement procedure" clearly allows a court to deny a timely transfer motion for good cause, and good cause to deny transfer ordinarily would exist where transfer is requested merely to delay or frustrate efforts to collect on restitution judgments. Accordingly, the FDCPA's transfer provision merely operates to shift the burden from the party requesting transfer—on whom the burden ordinarily rests in civil and criminal matters—to the party opposing transfer where, as here, the requirements of § 3004(b)(2) are met.
>
> * * * *
>
> In sum, a debtor is ordinarily entitled to transfer of an FDCPA collection proceeding to the debtor's district of residence upon a timely motion under § 3004(b)(2). Nonetheless, a district court may, for good cause, deny the motion to transfer, and transfer typically should be denied where the fact-specific circumstances of the collection proceeding show that granting the request would frustrate the government's efforts to collect on an MVRA restitution judgment.

*Id.*; *accord Place*, 2018 WL 3354971, at *3 (good cause to deny transfer would exist where transfer is requested merely to delay or frustrate efforts to collect on restitution judgments); *Cooke*, 2017 WL 4172630, at *5 (following *Gipson*); *French*, 2015 WL 5167641, at *3 (expressly agreeing with *Gipson* reasoning); *accord Sethi*, 2014 WL 4651649, at *3 (adopting good cause standard); *FTC v. Affiliate Strategies, Inc.*, 2012 WL 2449869, at *2 (D. Kan. 2012) (adopting good cause standard); *United States v. Mathews*, 793 F. Supp. 2d 72, 76 (D.D.C. 2011 (adopting good cause standard).

The court is persuaded that the FDCPA provides district courts with some flexibility in resolving timely requests to transfer and that a debtor is entitled to transfer unless it is shown that such transfer would frustrate the government's effort to collect on an MVRA restitution judgment. Utilizing that standard, the transfer request must be granted. Significantly, the government does not maintain that transfer of the garnishment proceeding will frustrate or delay its collection efforts. It asserts only that the issue is "moot" because there is "nothing" to transfer. As the government points out, Mr. Green has not raised any claims of exemption or any other substantive challenge to the garnishment proceedings. He has not requested a hearing on the matter or filed objections to the garnishee's answer. But while there may not be any current disputes in this matter, the FDCPA provides a mechanism for modifying a writ of continuing garnishment, *see* 28 U.S.C. § 3013, which leaves open the possibility that Mr. Green might yet seek relief. Thus, under the statute, and in the absence of any showing of good cause by the government, he is entitled to transfer this proceeding to the district where he resides. *See United States v. Nettles*, 2011 WL 1059111, at \*2 (S.D. Ala. 2011) (granting motion to transfer where government did not show that transfer would curtail or limit its efforts to collect the restitution judgment); *see also United States v. Vieira*, 2009 WL 3678098, at \*3-4 (D.R.I. 2009) (finding transfer provision mandatory and transferring garnishment proceedings even though the debtor did not request a hearing or file an objection to the garnishment).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Green's motion to transfer venue (doc. 106) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** the garnishment proceeding filed in this criminal case is transferred to the United States District Court for the Middle District of Florida.

**IT IS SO ORDERED.**

Dated this 2nd day of July, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge